UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

SHUNTAY ANTONIO BROWN,

                Plaintiff,

        v.

CAROLYN W. COLVIN, *Commissioner of Social Security Administration*,

                Defendant.

MEMORANDUM
AND ORDER
16-CV-675 (JG)

JOHN GLEESON, District Judge:

        Plaintiff Shuntay Brown, proceeding *pro se*, seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to reduce his benefits. Brown's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. For the reasons set forth below, the action is dismissed without prejudice to Brown's refiling an action in the proper district when he has exhausted his administrative remedies.

BACKGROUND

        On January 3, 2016, Brown received a letter from the Commissioner informing him that his monthly Supplemental Security Income payment would be reduced from $733.00 to $24.00 beginning on February 1, 2016. *See* Compl., ECF No. 1, at 2. The letter also included instructions on how to appeal the Commissioner's decision. *See id.* at 15. On February 1, 2016, Brown filed a request for reconsideration. *See id.* at 12. He filed this action on February 4, 2016. *Id.* at 3.

STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In addition, a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

DISCUSSION

Plaintiff has prematurely brought this matter to this Court. A plaintiff's failure to exhaust administrative remedies with respect to claims that arise under the Social Security Act, 42 U.S.C. § 301 *et seq.*, ordinarily deprives a district court of jurisdiction to review those claims.

2

Under 42 U.S.C. § 405(g), federal courts are vested with subject matter jurisdiction only over "final decisions" of social security claims. A final decision occurs when a social security claimant exhausts the four-step administrative review process. *See* 20 C.F.R. § 404.900(a). These four steps must be requested by a claimant within certain time periods and in the following order: (1) initial determination; (2) reconsideration determination; (3) hearing before an administrative law judge; (4) and Appeals Council review. *Id.*

Although the administrative steps prescribed by the Commissioner must be exhausted in order to obtain a final decision, this requirement is waivable by the Commissioner or the Court under certain circumstances. *See Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Waiver may occur when the following circumstances are present: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would be futile; and (3) plaintiffs would suffer irreparable harm if required to exhaust administrative remedies. *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996).

Brown is only at step one of the administrative review process, and there are no circumstances present that would warrant a waiver of the administrative review process. When his request for reconsideration has been decided, Brown will have completed step two of the administrative process. Should he complete step four, he may then file a claim in a federal district court within the time period stated on the Appeals Council letter. But as it stands now, his action is premature, and this Court is without jurisdiction to hear his claim for benefits. *See Iwachi v. Massanari*, 125 Fed. Appx. 330, 332 (2d Cir. 2005) ("The Commissioner's decision does not become final until after the Appeals Council has denied review or decide the case after review." (quoting *Mathews v. Chater*, 891 F.Supp. 186, 188 (S.D.N.Y. 1995))) (internal quotation

marks omitted)); *Baptiste v. Comm'r of Soc. Sec.*, 2010 WL 2985197, at *1 (S.D.N.Y. July 27, 2010).

In addition, Brown does not appear to have the requisite connection to this district. He should file in his home district when the time comes. Brown provides a Chicago, Illinois address in his complaint, *see* Compl. at 3, and he also mentions having been incarcerated at the federal detention center in Chicago. *See id.* at 2. His January 2, 2016 initial determination letter from the Commissioner was sent to an address in Pittsburgh, Pennsylvania, *see id.* at 13, but in his request for reconsideration he provides an address in Queens, New York. *See id.* at 12. This is not to say that plaintiff was not permitted to file his reconsideration request in Queens; he was. However, should he exhaust his administrative remedies and wish to file a claim in federal court, he should file in the district where he resides. An action under the Social Security Act must be venued in the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia."); *see also Smart v. Astrue*, 2012 WL 2856127 (W.D.N.Y. July 11, 2012) (transferring action commenced in the Western District of New York to the Central District of California).

## CONCLUSION

Accordingly, Brown's complaint is dismissed without prejudice because the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

4

*pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                So ordered.

                John Gleeson
                United States District Judge

Brooklyn, New York
Dated: February 12, 2016